REDMANN, Chief Judge.
On certiorari, we reverse a refusal to suppress evidence seized in execution of a search warrant.
The supporting affidavit avers that the affiant officers “learned from a confidential informant [who had given reliable information in the past] that [defendant] who resides at the above location was selling out of his residence large quantities of pharmaceutical drugs”; that during “several hours” of surveillance the officers "observed an extreme amount of pedestrian traffic in and out the residence”; that at 6:30, at 6:45 and again at 7:30 p.m., they saw a person gain admittance to the residence by use of keys thrown down from a second-floor balcony, stay five minutes, exit, throw the keys back up to the person on the balcony, and leave, this being the manner of defendant’s drug-selling as described to the officers by the informant. (Other averments were that the officers *536 saw one visitor put money into his pocket while walking away, and a second look around in a nervous manner as he approached the residence.)
Thus the substance of the affidavit is that an unidentified but reliable informant reported drug sales at a residence (without reporting his means of knowledge) and told police how persons gained entry (by a method not unique); and that several hours of surveillance showed heavy pedestrian traffic into and out of the house, including, during one hour, three persons who separately entered the residence by the reported method, stayed feve minutes, and left.
The question is whether that affidavit establishes probable cause for the issuance of the search warrant, as required by La. Const, art. 1 § 5 and U.S. Const. Amend. 4. The answer is no.
“The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the ‘veracity’ and ‘basis of knowledge’ of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to insure that the magistrate had a ‘substantial basis for ... concludpng]’ that probable cause existed.” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983)
The affidavit in this case does not set forth the basis of the informant's knowledge. It contains no allegation by the reliable informant from his personal knowledge that drug selling was occurring at the residence. For all that is shown, that allegation may be information that the reliable informant had got from someone else of undisclosed reliability. Nor is the informant’s allegation so detailed as to justify an inference of reliability. Nor is it corroborated by the officers’ report of “extreme” pedestrian traffic concretized in three innocuous instances.
We cannot conclude, from the “totality of circumstances” of the affidavit before us, that the issuing magistrate had a substantial basis for finding probable cause to issue a warrant to search defendant’s residence for drugs.
Nor can we approve admission of the seized evidence on the ground that the officers executing it were in objective good faith, because (notwithstanding their subjective good faith) this affidavit is so “lacking in indicia of probable cause.” United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 3422, 82 L.Ed.2d 677 (1984).
The ruling complained of is reversed, the motion to suppress is granted, and the matter is remanded.
WARD, J., dissents with opinion.