587 So.2d 62 (1991)
STATE of Louisiana
v.
Edward D. SMITH.
No. 90-KA-1831.
Court of Appeal of Louisiana, Fourth Circuit.
September 12, 1991.
Dwight Doskey, Orleans Indigent Defender Program, New Orleans, for defendant.
Before WARD and ARMSTRONG, JJ., and JAMES C. GULOTTA, J. Pro Tem.
*63 ARMSTRONG, Judge.
The defendant, Edward D. Smith, was charged by bill of information with a violation of LSA-R.S. 14:69, possession of stolen property worth more than $500. After a trial a six member jury found him guilty as charged. He was sentenced as a multiple offender to serve three and one-third years at hard labor. The defendant now appeals, asking this court to review the record for errors patent.
At trial Mr. Jules A. Fontana, Jr., the victim, testified that he had parked and locked his 1986 Oldsmobile in a lot behind his office at 1022 Loyola Ave. about 3 P.M. on January 5, 1990, yet when he went out to get it at 5 P.M., it was gone. Fontana reported the loss to the police immediately. When several days later, after receiving word that his car had been found, he retrieved it, he discovered that the right rear window had been smashed, the steering column broken and the front fender dented.
NOPD Officer Henry F. Laurent testified that on January 5, 1990, about 8:30 P.M., when he was driving on South Galvez St., he stopped at a traffic light and glanced at the car pulled along side of his. The right rear window had been shattered. The two men in the car, who became very nervous when the police men looked their way, suddenly opened their doors and bolted toward the project, leaving the car stopped but running in the middle of the street. Officer Laurent pursued the driver, Edward Smith, and apprehended him. Laurent then saw that the car with the broken window also had a broken steering column and was being driven without a key. A computer search revealed that the auto was stolen.
Counsel has filed a brief requesting only a review for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Troy Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel's detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record. Counsel has moved to withdraw because he believes, after a conscientious review of the record, that there are no non-frivolous issues to be raised on appeal. Counsel has reviewed all available transcripts and has found no trial court rulings which arguably support the appeal. A copy of the brief was forwarded to the appellant and this Court informed the defendant that he had the right to file a brief on his own behalf. He has not done so.
As per State v. Troy Benjamin, this Court has performed an independent, thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record. The defendant was properly charged by bill of information with a violation of LSA-R.S. 14:69(A) and the bill was signed by an assistant district attorney.
The defendant was present and represented by counsel at arraignment, jury selection and sentencing. However, the defendant was not present during trial and possibly not when judgment was rendered. In the trial transcript, after opening statements the following notation appears: "At this time the defendant elected to be outside the court." (Trial transcript, p. 2). And when Officer Laurent testified, the prosecution asked that the defendant be brought in for identification; the court then asked the sheriff to bring him in. Moreover, there is no evidence that the defendant was present when judgment was rendered.
A defendant charged with a felony must be present at every important stage of trial. LSA-C.Cr.P. article 831. However, a defendant charged with a noncapital felony "cannot object to his temporary voluntary absence at the proceedings listed in Article 831 if his counsel was present." LSA-C.Cr.P. article 832. Here neither defendant nor his counsel objected to the fact that the defendant was not present during at least part of the trial and possibly the rendering of judgment. Nevertheless, we do point out that the defense attorney was present at every stage of the trial, and his presence is sufficient to *64 satisfy articles 831 and 832. State v. Bolton, 408 So.2d 250, 257-8 (La.1981).
A review of the trial transcript reveals that the State proved every essential element of possession of stolen property worth more than $500 beyond a reasonable doubt. The sentence of three and one-third years at hard labor is illegally lenient, however. But because an appellate court may not amend or set aside an illegally lenient sentence when the defendant alone has appealed, we will not increase the sentence. State v. Gilmore, 529 So.2d 859 (La.App. 4th Cir.1988), writ denied 533 So.2d 373 (La.1988). Our independent review reveals no non-frivolous issues and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Accordingly, the defendant's conviction and sentence are affirmed. Appellant counsel's motion to withdraw is granted.
AFFIRMED.