683 So.2d 1228 (1996)
STATE of Louisiana, Plaintiff-Appellee,
v.
Nathan Dewayne KING, Jr., Defendant-Appellant.
No. CR95-1648.
Court of Appeal of Louisiana, Third Circuit.
October 9, 1996.
Rehearing Denied January 27, 1997.
*1230 Charles F. Wagner, Dist. Atty., Monique Yvette Metoyer, Alexandria, for State of Louisiana.
Joseph Richard Kutch, Pineville, for Nathan Dewayne King, Jr.
Before DOUCET, C.J., and THIBODEAUX and DECUIR, JJ.
DECUIR, Judge.
The defendant, Nathan Dewayne King, Jr., was convicted of possession of cocaine with intent to distribute in violation of La.R.S. 40:967 and sentenced to five years at hard labor. He appeals both his conviction and sentence.

FACTS
At about midnight on August 23, 1994, Kedrick Johnson and Frank Bordelon of the Alexandria City Police Department were working on a "drug interdiction team," which consisted of approximately eight officers. Authorities had received complaints of drug activity in an area near Third and Wahlder Streets in Alexandria, and proceeded to investigate. For reasons of stealth, the team parked two police units on the nearby levee and walked into the area. The policemen observed a large group of individuals on the porch of 404 Wahlder. A vehicle pulled up with its headlights out, and officers suspected a drug transaction was taking place. When the police team approached the building, the various suspects fled the porch, scattering at a running pace.
Officer Johnson chased one of the individuals, later identified as the defendant, into a nearby vacant lot. There, the defendant discarded a plastic bag, then fell down. Johnson restrained the defendant, who was then arrested.

ERRORS PATENT
There are four errors patent. None affect the defendant's case.
First, the bill of information charges the defendant with violating "La.R.S. 40:967A(1)G," possession of cocaine with intent to distribute. Strictly speaking, no such provision exists. The state's brief repeats the error. Our reading of the information and the record suggests the state prosecuted King for La.R.S. 40:967A(1), possession with intent to distribute. The article has a subdivision *1231 "G," but it appears to have played no part in this case.[1]
A defendant may not raise the technical insufficiency of an indictment or information after conviction, where he has been fairly informed of the charges against him such that his case has not been prejudiced, and he is not truly subject to further jeopardy. State v. Cox, 474 So.2d 523 (La.App. 3 Cir. 1985) writ granted in part on other grounds, otherwise denied, 481 So.2d 1328 (La.1986). This error is insignificant.
As for the second error patent, the record does not affirmatively show the defendant was present when judgment was rendered, as required by La.Code Crim.P. art. 831. However, he was present during trial, and testified on his own behalf; there is nothing to indicate the defendant was removed from the courtroom. Additionally, the record clearly shows defense counsel was present to protect the defendant's interests and had the jury polled when it issued the verdict. La.Code Crim.P. art. 832; also State v. Smith, 587 So.2d 62 (La.App. 4 Cir. 1991), and State v. Williams, 536 So.2d 773 (La.App. 5 Cir.1988), writ denied, 95-1325 (La. 11/13/95), 662 So.2d 465. The defendant has not been prejudiced, and this error is also insignificant.
As for the third error patent, La. Code Crim.P. art. 880 provides that when imposing sentence the court shall give the defendant credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. The record indicates the trial court did not do so. Accordingly, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. State v. Moore, 93-1632 (La.App. 3 Cir. 5/4/94), 640 So.2d 561, writ denied, 94-1455 (La. 3/30/95) 651 So.2d 858.
There is a fourth and final error patent. La.Code Crim.P. art. 930.8 provides that at the time of sentencing the trial court shall inform the defendant of the prescriptive period for post-conviction relief. The record shows the court did not so inform the defendant. On remand, the district court is instructed to inform the defendant of the provisions of Article 930.8.

ASSIGNMENT OF ERROR NO. 1:
The defendant alleges the state's evidence was insufficient to convict him of possession of cocaine with intent to distribute.
When the issue of sufficiency of evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing denied, 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979); State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Duncan, 420 So.2d 1105 (La.1982); State v. Moody, 393 So.2d 1212 (La.1981). It is the role of the fact finder to weigh the respective credibility of the witness, and therefore the appellate court should not second-guess the credibility determination of the trier of fact beyond the sufficiency evaluations under the Jackson standard of review. See State ex rel. Graffagnino, supra, citing State v. Richardson, 425 So.2d 1228 (La.1983).
In order for the state to obtain a conviction, it must prove the elements of the crime beyond a reasonable doubt.
La.R.S. 40:967A(1) provides:
A. Manufacture; distribution. Except as authorized by this Part or by Part VII-B of Chapter 5 of Title 40 of the Louisiana Revised Statutes of 1950, it shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, *1232 a controlled dangerous substance classified in Schedule II;
The defendant's possession of the bag was established by Officer Johnson's testimony that he saw the defendant discard the bag. King's dispute of that testimony is clearly based upon credibility.
A determination of the weight of evidence presented is a question of fact. The resolution of a matter where conflicting testimony exists requires a determination of credibility of the witness and is a matter of weight of the evidence and not sufficiency. Tibbs v. Florida, 457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Such a determination rests solely with the trier of fact who may accept or reject, in whole or in part, the testimony of any witness. State v. Nolan, 503 So.2d 1186 (La.App. 3 Cir.) writ denied, 507 So.2d 226 (La.1987).
A fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Where rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all evidence most favorable to the prosecution must be adopted on review. Only irrational decisions to convict by the trier of fact will be overturned. See State v. Mussall, 523 So.2d 1305 (La.1988).
As noted earlier, the defendant testified on his own behalf. King claimed he was on a porch two houses away from the group mentioned earlier, and he did not possess any cocaine. On the stand, he said he ran from police because he was breaking a curfew imposed in a separate matter. The defendant's father testified he had driven his son to Taco Bell, then ran out of gas on the way home. The elder King knew his girlfriend's house was nearby (the defendant's parents are apparently separated), so he and the defendant pushed the car in front of her house. Mr. King then left to get gas, leaving his son on the porch. His version of events was corroborated by his girlfriend. Under cross-examination, Mr. King acknowledged he did not have personal knowledge of what happened in the area while he was gone.
The defense also presented a number of family members and friends who indicated Officer Johnson had repeatedly harassed King. The defendant's mother testified Johnson had shown a sexual interest in her, which she did not return. Although not explicit in the record, the defense was apparently attempting to connect Johnson's supposed interest in King's mother to the alleged harassment of King.
As already observed, it was the jury's province to weigh the allegations and contradictory assertions made by the defendant and his supporting witnesses. After observing all the witnesses, the jury clearly believed Johnson. Since we cannot say this conclusion was irrational, we will treat the elements of possession and identity as proven for the remainder of the Jackson review.
Having shown the defendant possessed a bag of white substance that appeared to be crack cocaine, the state had to prove the substance was in fact crack. For this purpose, chemist T.J. Shuflin, director of the Alexandria branch of the North Louisiana Crime Lab, testified he tested six (6) rocks out of approximately thirty (30) in the bag. All six tested positive as cocaine, and the rest appeared visually similar to the six that were chemically tested. As Shuflin noted, the six rocks constituted an approximate twenty percent (20%) sample of the total. Louisiana jurisprudence affirms the use of such random sampling of substances for identification as controlled dangerous substances. State v. Ballom, 562 So.2d 1073 (La.App. 4 Cir.1990), writ denied, 575 So.2d 386 (La.1991). Additionally, a substance can be identified as an illegal drug by circumstantial evidence, without scientific evidence. State v. Chatman, 599 So.2d 335 (La.App. 1 Cir.1992).
In view of the jurisprudence, Shuflin's chemical testing of twenty percent of the cocaine, combined with his visual observation of the remainder of the rocks, was sufficient to identify all the rocks as cocaine. This brings the analysis to the element of intent.
*1233 The defendant argues the state failed to establish the intent to distribute, under the analysis introduced by State v. House, 325 So.2d 222 (La.1975):
(1) that the defendant ever distributed or attempted to distribute any (drug); (2) that the (drug) was in a form usually associated with (drug) possessed for distribution to others; (3) that the amount was such as to create a presumption of intent to distribute; (4) of expert or other testimony that such an amount as found on the defendant is inconsistent with personal use only; and (5) of any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
See also State v. Hearold, 603 So.2d 731 (La.1992).
Employing the House factors, King argues 1) there was no testimony of actual or attempted distribution by the defendant; 2) the seized cocaine was all in a single plastic bag and not individually packaged for sale; 3) and 4) there was no expert testimony offered to show the amount of cocaine seized was or was not consistent with personal use; and 5) no other drug paraphernalia was found.
We note that the weight and volume of the cocaine is not in the record. The testimony and the documentary evidence state that approximately thirty (30) "rocks and crumbs" were in the plastic bag discarded by the defendant. Obviously, the court does not have the fact finder's benefit of visual inspection. In these circumstances, we must defer to the jury's apparent decision that the amount of cocaine indicates an intent to distribute. This court has consistently held intent to distribute can be inferred from the amount of narcotics possessed. State v. Harmon, 594 So.2d 1054 (La.App. 3 Cir.), writ denied, 609 So.2d 222 (La.1992), writ denied, 623 So.2d 1326 (La.1993). It is well-settled that the weight of the evidence is within the fact finder's discretion. We find no error in the jury's finding that the 30-rock quantity was enough to support the intent to distribute.

ASSIGNMENT OF ERROR NO. 2:
In this assignment, the defendant contends his sentence was excessive, and he should have received a probated sentence.
The record reveals the defense counsel orally objected to the sentence, raising the claims he does here. Under State v. Caldwell, 620 So.2d 859 (La.1993), this is sufficient to preserve his claim.
Article 1, § 20 of the Louisiana Constitution of 1974, prohibits, "cruel, excessive, or unusual punishment." A sentence which falls within the statutory limits may nevertheless be excessive under the circumstances. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Naquin, 527 So.2d 601 (La.App. 3 Cir.1988). To constitute an excessive sentence this court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no measurable contribution to acceptable penal goals and, therefore, is nothing more than needless imposition of pain and suffering. State v. Campbell, 404 So.2d 1205 (La.1981); State v. Everett, 530 So.2d 615 (La.App. 3 Cir.1988), writ denied, 536 So.2d 1233 (La.1989). The trial judge is given wide discretion in imposing a sentence, and a sentence imposed within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
The Legislature has provided criteria to aid a sentencing court in determining whether a sentence of imprisonment should be imposed and whether suspension of a sentence or probation is warranted. La.Code Crim.P. art. 894.1; State v. Klause, 525 So.2d 1076 (La.App. 3 Cir.1988). Paragraph (c) of Article 894.1 requires the court to state for the record the considerations taken into account and the factual basis used when imposing a sentence. The trial court need not refer to every aggravating and mitigating circumstance in order to comply with the article. However, the record must affirmatively reflect that adequate consideration was given to the codal guidelines in particularizing the defendant's sentence. State v. Smith, 433 So.2d 688 (La.1983).
*1234 If there is an adequate factual basis for the sentence contained in the record, the trial court's failure to articulate every circumstance listed in Article 894.1 will not necessitate a remand for resentencing. State v. Cottingin, 476 So.2d 1184 (La.App. 3 Cir. 1985), appeal after remand, 496 So.2d 1379 (La.App. 3 Cir.1986); State v. Morgan, 428 So.2d 1215 (La.App. 3 Cir.1983), writ denied, 433 So.2d 166 (La.1983).
As pointed out by the sentencing court, and by the state on appeal, the defendant received the mandatory minimum sentence required by statute. He fails to argue how such a minimum sentence is excessive, other than to complain the sentence should have been probated, and that he is eligible for intensive incarceration. As the district judge observed, many rocks of cocaine (approximately 30) were involved in this case, and she felt incarceration was required in order not to diminish the seriousness of the crime.
Our review of the jurisprudence does not indicate the minimum sentence given here is excessive. Further, we observe that even where a defendant is a first offender, the district court is not required to suspend or probate the sentence. State v. Stein, 611 So.2d 800 (La.App. 3 Cir.1992). King also argues he was eligible for the IMPACT "boot camp" program. However, as the pre-sentence investigation indicated incarceration instead, the district court was correct in not recommending IMPACT for the defendant. La.R.S. 15:574.4 A(2)(a)(ii); also State v. Sumlin, 605 So.2d 608 (La.App. 2 Cir.1992).
Accordingly, we find that the minimum sentence required by legislation hardly amounts to a needless infliction of pain and suffering.
This assignment has no merit.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed. The case is remanded and the district court is ordered to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served. La.Code Crim.P. art. 880; State v. Moore, 640 So.2d 561 (La.App. 3 Cir.1994), writ denied, 651 So.2d 858 (La.1995).
The district court is further directed to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Fontenot, 616 So.2d 1353 (La.App. 3 Cir. 1993).
AFFIRMED AND REMANDED.
THIBODEAUX, J., dissents with reasons.
THIBODEAUX, Judge, dissenting.
The defendant's conviction for possession of cocaine with intent to distribute should be reversed. The district court should be ordered to enter a judgment of guilty to the responsive verdict of possession of cocaine, not possession of cocaine with intent to distribute.
The majority cites the factors employed by State v. House, 325 So.2d 222 (La.1975) but, in my view, fails to sufficiently analyze those factors. If those factors were more carefully analyzed, the inevitable conclusion would be a conviction for possession of cocaine. There are several cases which strongly support this view.
In State v. Decuir, 599 So.2d 358, 364 (La.App. 3 Cir.), writ denied, 605 So.2d 1095 (La.1992), this court made the following analysis:
We next turn to the matter of defendant's conviction for possession of cocaine with intent to distribute. We believe that the element of intent to distribute was not proven beyond a reasonable doubt. In applying the factors set forth in State v. Segura, supra [546 So.2d 1347 (La.App. 3 Cir.1989)], there is no evidence that defendant ever distributed or attempted to distribute cocaine in the past. There was no cash and no records indicating past drug transactions. The cocaine, found in three plastic bags, weighed approximately 2.79 grams, or about one-tenth of an ounce. There was no testimony that such an amount is inconsistent with personal use *1235 only. However, there was testimony that the drug paraphernalia which was found is used by those who distribute or prepare to distribute cocaine.
In State v. McIntyre, 544 So.2d 86 (La. App. 3 Cir.1989), appeal after remand 567 So.2d 800 (La.App. 3 Cir.1990), defendant was found to be in the possession of slightly more than one-fourth of an ounce of cocaine and the only drug paraphernalia discovered was scales. This court held there was not enough evidence to prove the element of intent to distribute, even though the cocaine found on defendant was packaged in plastic bags. Although more drug paraphernalia was discovered in this case than in McIntyre, defendant in this case was in possession of an even smaller amount of cocaine.
Cocaine is a Schedule II controlled dangerous substance and possession of cocaine is a violation of La.R.S. 40:967(C). La. C.Cr.P. Art. 814(A)(49) provides that the verdict of guilty of possession of a controlled dangerous substance is a responsive verdict to the crime of possession of a controlled dangerous substance with intent to produce, manufacture, distribute or dispense, which was the verdict in this case. Even if the evidence does not support the crime charged, an appellate court may order judgment to be entered on a lesser included responsive verdict, where the evidence supports such conviction, and remand the matter for resentencing. State v. McIntyre, supra.

The evidence in this case supports the existence of every element of the crime of possession of cocaine and defendant's guilt of that crime.
State v. Johnson, 621 So.2d 903 (La.App. 4 Cir.), writ denied, 627 So.2d 661 (La.1993), is also supportive.
The amount of cocaine seized in the instant case was six or seven rocks. Given that the Supreme Court in Hearold, supra, found that seventeen or eighteen hits of methamphetamine, possibly split between two users, was not inconsistent with personal usage, it does not appear that a lesser quantity of individual doses of crack cocaine is a quantity from which evidence of the intent to distribute can be inferred.
This circuit's decision in State v. Jones, 544 So.2d 636 (La.App. 3 Cir.1989), a case involving marijuana, further buttresses my view that the state failed to prove the requisite intent to distribute:
[I]n addition to the evidence shown hereinabove under our discussion of defendant's possession of the marijuana, the State presented evidence from narcotics officers, one of whom was qualified at trial as an expert in the distribution and packaging of drugs, that the marijuana seized from the concession stand was separated into seven "ten cent" or "dime" baggies, and that each baggie of marijuana would customarily be sold in the Alexandria area for ten dollars.
In considering the factors enumerated in the jurisprudence hereinabove, we find the State offered insufficient evidence of defendant's intent to distribute the marijuana which he possessed. The State did not prove that defendant ever distributed or attempted to distribute any marijuana, or that the area in which defendant was arrested was commonly frequented by drug users. Although defendant did possess marijuana which was broken down into units which are usually sold, there was no testimony which would suggest that such packaging is inconsistent with personal use only.
Lastly, we examine the trial court's reasoning that the amount of marijuana involved was indicative of defendant's intent to distribute. We have carefully examined the record, and find that the weight of the marijuana, or its equivalent as expressed in terms of the number of marijuana cigarettes which could be made, was not established at trial. In reference to the seven baggies of marijuana seized in the present case, we only note that in State v. Green, 508 So.2d 602, at 604 (La.App. 2 Cir.1987), ten small plastic bags of marijuana, containing 1.62 ounces, were not considered inconsistent with personal use only. Where there is no evidence that the amount of marijuana involved is inconsistent with personal use, mere possession of *1236 a quantity of marijuana is not evidence of intent to distribute unless the quantity is so large that no other inferences is reasonable. State v. Greenway, 422 So.2d 1146 (La.1982). Accordingly, we find that defendant's conviction for possession of marijuana with intent to distribute must be set aside.
For the foregoing reasons, I respectfully dissent.
NOTES
[1] G. With respect to any person to whom the provisions of Subsection F are applicable, the adjudication of guilt or imposition of sentence shall not be suspended, deferred, or withheld, nor shall such person be eligible for probation or parole prior to serving the minimum sentence provided by Subsection F.