730 So.2d 1029 (1999)
STATE of Louisiana
v.
John L. MARTIN.
No. 97-KA-2904.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1999.
*1030 Harry F. Connick, District Attorney, Suzanne S. Dickey, Assistant District Attorney, New Orleans, Louisiana, Counsel for the State.
Deborah K. Leith, Louisiana Appellate Project, Covington, Louisiana, Counsel for the Defendant.
Court composed of Judge ROBERT J. KLEES, Judge WILLIAM H. BYRNES III, and Judge CHARLES R. JONES.
BYRNES, Judge.
John L. Martin appeals his conviction for possession of cocaine with the intent to distribute for which he was sentenced to seven years at hard labor. We affirm.

STATEMENT OF THE CASE
Having been charged with possession of cocaine with the intent to distribute in violation of La. R.S. 40:967, Martin was released pursuant to La.C.Cr.P. art. 701. When he did not appear for arraignment, an alias capias was issued and Martin was arrested. He was arraigned on June 11, 1997, and a preliminary as well as suppression hearing was held. The trial court found probable cause and denied Martin's motion to suppress. After a jury trial on July 9, 1997, Martin was found guilty as charged. The trial court ordered a presentence investigation. On September 9, 1997, the trial court denied Martin's motion for new trial. Martin waived all delays and was sentenced to seven years at hard labor. The trial court denied Martin's motion for reconsideration of sentence, and Martin's appeal followed.

STATEMENT OF FACTS
On January 16, 1997, New Orleans Police Officer Joseph Lainez received a telephone call from a female who advised him of increased narcotics activity in the seven hundred block of South Gayoso. The female subject localized the activity to 714 South Gayoso, apartment number nine. On January 17, 1997, the officer set up surveillance of the apartment. He observed several people approach and enter the apartment but recorded only two. At approximately 8:15 a.m., a black male knocked on the apartment door. Martin opened the door and allowed the subject into the apartment. After a few seconds, the subject exited the apartment. *1031 About twenty-five minutes later, a black female knocked on the apartment door. The defendant Martin again opened the door and let the female enter. After a few seconds, the female exited the apartment. Prior to knocking on the door, the officer observed the female reach into her pants pocket for money.
The officer obtained a search warrant later that morning. Officer Lainez was assisted by Officers Powell, Burk and Nelson in the execution of the search warrant that took place at approximately 1:30 p.m. Upon entering the apartment, Officer Lainez observed that there were three adults (two men and one woman) as well as one child. The woman, later identified as Linda Vandraugh, was exiting the bathroom as the officers entered the apartment. Officer Lainez immediately went into the bathroom and discovered a crack pipe in the toilet. Martin was sitting on the bed, and another man, later identified as John Dantzler, was sitting on the sofa. When the officers pulled back the bedspread on the bed, they discovered thirty-nine individually wrapped rocks of cocaine. All three adults were arrested. Three hundred three dollars were found on Martin pursuant to a search after Martin's arrest. It was later determined that Martin resided at the apartment.
The parties stipulated at trial that Officer Joe Tafaro of the New Orleans Police Department Crime Lab would testified that he tested the substances found in Martin's apartment and the thirty-nine rocks tested positive for crack cocaine. The total net weight of the cocaine was 7.22 grams. The officer also would have testified that there was cocaine residue in the pipe.

Errors Patent
A review of the record for errors patent reveals none.

Assignment of Error No. 1
Martin contends that the trial court erred in denying his motion to suppress evidence and motion for new trial. Martin complains that the affidavit filed with the application for the search warrant did not set forth sufficient facts to establish probable cause.
A trial judge's decision to deny a motion to suppress will be afforded great weight and will not be set aside unless to do so is clearly mandated by a preponderance of the evidence. State v. Lee, 545 So.2d 1163 (La.App. 4 Cir.1989). In reviewing a denial of a motion to suppress, an appellate court is not limited to the evidence adduced at a suppression hearing, but may consider all pertinent evidence adduced at trial. State v. Green, 94-0887 (La.5/22/95), 655 So.2d 272; State v. Barra, 572 So.2d 1187 (La.App. 4 Cir.1990), writ denied, 575 So.2d 822 (La. 1991).
La.C.Cr.P. article 162 provides that a search warrant may be issued "only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant." The Louisiana Supreme Court has held that probable cause exists when the facts and circumstances within the affiant's knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. State v. Duncan, 420 So.2d 1105 (La.1982). The facts which form the basis for probable cause to issue a search warrant must be contained "within the four corners" of the affidavit. Id. A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the warrant. State v. Manso, 449 So.2d 480 (La.1984), cert. denied Manso v. Louisiana, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984). The determination of probable cause involves probabilities of human behavior as understood by persons trained in law enforcement. State v. Hernandez, 513 So.2d 312 (La.App. 4 Cir.1987), writ denied, 516 So.2d 130 (La.1987).
In its review of a magistrate's finding of probable cause, the reviewing court must determine whether the "totality of circumstances" set forth in the affidavit is sufficient to allow the magistrate to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying *1032 hearsay information, there is a reasonable probability that contraband ... will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for ... conclu[ding] that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).
In the present case, Officer Lainez set forth the following circumstances in the affidavit filed with the application for search warrant:
FACTS AND CIRCUMSTANCES SURROUNDING THIS ORDER OF SEARCH ARE AS FOLLOWS:
ON THURSDAY, 1-16-97, FIRST DISTRICT NARCOTICS DETECTIVE JOSEPH LAINEZ, RECEIVED AN ANONYMOUS COMPLAINT AT THE FIRST DISTRICT STATION REGARDING NARCOTICS BEING DISTRIBUTED AT 714 S. GAYOSO STREET, APT. # 9. THE CALLER ALLEGED THAT A BLACK MALE, KNOWN AS "PLATT", ABOUT 50 YEARS OF AGE, WAS ENGAGED IN DRUG TRAFFICKING.
ON FRIDAY, 01/17/97, AT ABOUT 8:00 A.M., DETECTIVE LAINEZ CONDUCTED A SURVEILLANCE OF 714 S. GAYOSO STREET. DETECTIVE LAINEZ CONCEALED HIMSELF IN THE 700 BLOCK OF GAYOSO STREET WITH AN UNOBSTRUCTED VIEW OF 714 S. GAYOSO STREET.
ON FRIDAY, AT ABOUT 8:15 A.M., THE DETECTIVE OBSERVED A BLACK FEMALE, APPROXIMATELY 30 YEARS OLD, CLAD IN A BLACK SHIRT AND BLUE JEANS, ENTER THE FRONT DOOR OF 714 S. GAYOSO STREET (APT.-9). THAT BLACK FEMALE KNOCKED AT THE DOOR TO THE BUILDING AND WAS SHORTLY AFTER, ALLOWED ENTRY BY A BLACK MALE, WHO WAS APPROXIMATELY 50 YEARS OF AGE AND CLAD IN A BLUE LONG SLEEVE SHIRT. AFTER A SHORT PERIOD OF TIME, THE FEMALE EXITED THE APARTMENT AND HEADED EAST ON GAYOSO STREET TO TULANE AVENUE AND THEN UNKNOWN.
ON FRIDAY, 1/17/97, AT ABOUT 8:40 A.M. DETECTIVE LAINEZ OBSERVED A BLACK MALE, APPROXIMATELY 35 YEARS OF AGE, WHO WAS CLAD IN A MULTI-COLORED SHIRT AND BLUE JEANS, WALKED UP TO 714 S. GAYOSO STREET (APT.9) AND KNOCK AT THE DOOR. SHORTLY AFTER, A BLACK MALE, APPROXIMATELY 50 YEARS OF AGE ANSWERED AND ALLOWED THE VISITOR TO ENTER. THE VISITOR WAS ALLOWED ENTRY BY THE SAME BLACK MALE CLAD IN THE BLUE LONG SLEEVE SHIRT. A SHORT PERIOD OF TIME LATER, THE VISITOR EXITED THE APARTMENT AND HEADED WEST ON GAYOSO STREET TO PERDIDO STREET AND THEN OUT OF THE SIGHT [OF] THE DETECTIVE.
BASED ON THE ANONYMOUS COMPLAINT, ALONG WITH THE SURVEILLANCE CONDUCTED BY THE DETECTIVE, IT IS BELIEVED THAT ILLEGAL DRUG ACTIVITY IS BEING SECRETED FROM THE RESIDENCE OF 714 S. GAYOSO STREET, APARTMENT # 9.
At trial, Officer Lainez explained that the anonymous caller was a female who stated that she observed activity at the apartment on a regular basis, including days and nights. The officer also stated that during his surveillance he observed several people enter the apartment and leave a short time thereafter. He only mentioned two of the visitors to the apartment in his affidavit. At trial the officer related that he saw one of these visitors reaching for money out of her pants pocket before entering the apartment. However, the officer admitted on cross-examination that he did not see any drug transactions. The officer identified Martin at trial as the person who answered the door and granted entry to each visitor.
In State v. McDonald, 503 So.2d 535 (La. App. 4 Cir.1987), this Court held that vague allegations are not sufficient to establish probable cause for the issuance of a search warrant. In McDonald, this Court determined that the affidavit supplied by the police *1033 officers did not set forth sufficient facts to establish probable cause to issue a search warrant. The police officers stated in the affidavit that "an unidentified but reliable informant reported drug sales at a residence (without reporting his means of knowledge) and told police how the person gained entry (by a means not unique); and that several hours of surveillance showed heavy pedestrian traffic in and out of the house, including, during one hour, three persons who separately entered the residence by the reported method and stayed five minutes." McDonald, 503 So.2d at 536. In concluding that the issuing magistrate did not have a substantial basis for finding probable cause, this Court noted that: (1) the affidavit did not set forth the basis of the informant's knowledge; (2) there was no allegation that the informant gained information concerning narcotics transactions through his own personal knowledge; (3) the informant's allegations were not so detailed as to justify an inference of reliability; and (4) the informant's allegations were not corroborated by the officers' report of heavy pedestrian traffic (three people in one hour).
After the fact scrutiny by courts of the sufficiency of an affidavit should not take the form of a de novo review; a magistrate's determination of probable cause should be paid great deference by reviewing courts. Gates, supra, 103 S.Ct. at 2321. In McDonald, this court did not state whether it rendered its decision on the basis of a de novo review. This court did not state that it took into account that a magistrate's determination of probable cause should be paid great deference.
A reviewing court must take into account the "totality of the circumstances whole picture," giving deference to the inferences and deductions of a trained police officer "that might well elude an untrained person." United States v. Cortez, 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981); State v. Huntley, 97-0965 (La.3/13/98), 708 So.2d 1048, 1049. Citing Cortez, the Louisiana Supreme Court further noted that: "The court must also weigh the circumstances known to the police not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." Huntley, supra, 708 So.2d at 1049. Deference should be given to the experience of the policemen who were present at the time of the incident; in reviewing the totality of circumstances, the officer's past experience, training and common sense may be considered in determining if his inferences from the facts at hand were reasonable. State v. Short, 96-1069 (La.App. 4 Cir. 5/7/97), 694 So.2d 549.
In the present case the tipster gave specifics about the drug activity. The caller provided a specific address and apartment number. The caller had seen a lot of activity both at day and night. The tipster described the person involved in drug activity as a black male, being the age of about fifty, who was known as "Plat." Officer Lainez's observations corroborated the caller's allegations. The person answering the door fit the description of a black male who was about the age of fifty. The officer saw several people entering and leaving the apartment in a suspicious manner after brief stays. He saw a female reaching for money. The officer stated that the subjects did not appear to be social visitors or "to be in an official capacity such as LP & L or a service person or something who had an official reason to be there." The officer testified that he previously had investigated over 200 drug transactions. From his past experience the officer believed the defendant was engaging in narcotic transactions. The officer's inferences from the facts at hand were reasonable. Reviewing the totality of the circumstances, the issuing magistrate had a substantial basis for finding probable cause to issue a warrant to search Martin's residence. The trial court properly denied Martin's motion to suppress evidence and motion for new trial. Further, the record contained sufficient evidence to support a conviction for possession of cocaine with the intent to distribute. In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 *1034 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). The reviewing court is to consider the record as a whole and not just the evidence most favorable to the prosecution; and, if rational triers of fact could disagree as to the interpretation of the evidence, the rational decision to convict should be upheld. State v. Mussall, 523 So.2d 1305 (La.1988). Additionally, the reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. Id. The trier of fact's determination of credibility is not to be disturbed on appeal absent an abuse of discretion. State v. Cashen, 544 So.2d 1268 (La.App. 4 Cir.1989).
When circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proved such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather is an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
In State v. Hearold, 603 So.2d 731, 735 (La.1992), the Louisiana Supreme Court provided factors which are useful in determining whether circumstantial evidence is sufficient to prove the intent to distribute a controlled dangerous substance:
These factors include (1) whether the defendant ever distributed or attempted to distribute the drug; (2) whether the drug was in a form usually associated with possession for distribution to others; (3) whether the amount of drug created an inference of an intent to distribute; (4) whether expert or other testimony established that the amount of drug found in the defendant's possession is inconsistent with personal use only; and (5) whether there was any paraphernalia, such as baggies or scales, evidencing an intent to distribute.
In State v. Cushenberry, 94-1206, p. 6 (La. App. 4 Cir. 1/31/95), 650 So.2d 783, 786, this court described the Hearold factors as "useful" but held that the evidence need not "fall squarely within the factors enunciated to be sufficient for the jury to find that the requisite intent to distribute."
In State v. King, 95-1648 (La.App. 3 Cir. 10/9/96), 683 So.2d 1228, the police proceeded to investigate, having received complaints of drug activity in the area. A team of officers parked two police units and walked into the area. The police observed a large group of individuals on the porch of a residence. A vehicle pulled up with its headlights out, and the officers suspected a drug transaction was taking place. When the police approached, the individuals ran away. An officer chased King into a nearby vacant lot where King discarded a plastic bag and then fell down. The police retrieved the plastic bag that contained 30 rocks and crumbs of cocaine.
The appellate court stated:
... King argues: 1) there was no testimony of actual or attempted distribution by the defendant; 2) the seized cocaine was all in a single plastic bag and not individually packaged for sale; 3) and 4) there was no expert testimony offered to show the amount of cocaine seized was or was not consistent with personal use; and 5) no other drug paraphernalia was found.
We note that the weight and volume of the cocaine is not in the record. The testimony and the documentary evidence sate that approximately thirty (30) "rocks and crumbs" were in the plastic bag discarded by the defendant. Obviously, the court does not have the fact finder's benefit of visual inspection. In these circumstances, we must defer to the jury's apparent decision that the amount of cocaine indicates an intent to distribute. This court has consistently held intent to distribute can be inferred form the amount of narcotics possessed. State v. Harmon, 594 So.2d 1054 (La.App. 3 Cir.), writ denied, 609 So.2d 222 (La.1992), writ denied, 623 So.2d 1326 (La.1993). It is well settled that the weight of the evidence is within *1035 the fact finder's discretion. We find no error in the jury's finding that the 30-rock quantity was enough to support the intent to distribute.

Id., 683 So.2d 1228.
In the present case expert testimony was unnecessary to establish that the substantial amount of cocaine found in Martin's possession was inconsistent with personal use. The officers found 39 individually wrapped pieces of cocaine, as well as a crack pipe in the apartment. Pursuant to a search after Martin's arrest, the police found $303 on Martin. It was later determined that Martin resided at the apartment. It was stipulated at trial that the pieces of cocaine tested positive for cocaine, and there was cocaine residue in the pipe. The state provided evidence of the substantial amount of cocaine found, other evidence of drug paraphernalia, as well as testimony of what appeared to Officer Lainez to be drug transactions in the manner that subjects arrived and left the apartment after brief periods of time. The officer testified that a female was reaching for money. The weight of the evidence is within the fact finder's discretion. We defer to the jury's determination that the amount of cocaine and other evidence indicate an intent to distribute. We find no error in the jury's finding that the evidence supported the conviction for possession with the intent to distribute cocaine.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
JONES, J., DISSENTS WITH REASONS.
JONES, J., DISSENTING WITH REASONS.
The majority cites McDonald as legal authority for the proposition that vague allegations are not sufficient to establish probable cause for the issuance of a search warrant, and then, they proceed to ignore McDonald.
Clearly the record before us indicates that both the "tipster", who has absolutely no reliability evidenced in this record, nor Officer Lainez, ever testify that they saw narcotics at the residence in question, or that they stopped someone leaving this location who had bought drugs at this residence, prior to execution of the search warrant. The search warrant itself states only that "...it is believed that illegal drug activity is being secreted from the residence...", and this belief is not based upon any real facts.
Courts have an obligation to insure justice is done, and the majority herein very much denies this defendant justice. With the establishment of this standard for the issuance of a search warrant, no citizen in Louisiana is protected from unreasonable searches. For these reasons, I dissent.