741 So.2d 771 (1999)
STATE of Louisiana, Appellee,
v.
Winfred Wayne GARNER, Defendant-Appellant.
No. 99-160.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1999.
*772 Don M. Burkett, Many, Anna L. Garcie, Asst. Dist. Atty., for State of La.
Lawrence Charles Billeaud, Lafayette, for Winfred W. Garner.
Before: DOUCET, C.J., PETERS, and GREMILLION, JJ.
DOUCET, Chief Judge.
Defendant-Appellant, Winfred Wayne Garner, pled guilty to distribution of marijuana, a violation of La.R.S. 40:966, on June 14, 1996. The trial judge sentenced the Defendant on December 20, 1996, to five years imprisonment at hard labor. The Defendant's original court appointed counsel orally notified the trial court the Defendant would appeal, but he did nothing further in the Defendant's case. On October 8, 1998, the Defendant's pro se Motion to Reconsider Sentence was denied, and on October 21, 1998, Defendant was granted an out-of-time appeal. The Defendant, now, appeals his sentence of five years at hard labor for distribution of marijuana.

FACTS
On May 24, 1994, the Defendant sold fifteen marijuana cigarettes to a confidential informant and received marked money in return. The police went to the Defendant's house and, after he consented to a search, found marijuana, drug paraphernalia, and the marked money they had given the confidential informant to purchase the drugs. While he was being arrested, the Defendant fled from the police, taking some incriminating evidence with him. The police found the Defendant less than an hour later at the house of another man; the police later recovered the incriminating evidence from the other man. The Defendant was subsequently charged with distribution of marijuana, resisting an officer by flight, and possession of marijuana.
On June 14, 1996, the Defendant entered into a plea bargain agreement. In return for the Defendant's plea of guilty to distribution of marijuana, the State agreed to dismiss the other charges against the Defendant. The plea bargain contained no sentence recommendation other than that it would be based upon a presentence investigation report. The Defendant did not waive his right to appeal the sentence imposed, and the trial judge specifically informed the Defendant he retained the *773 right to seek review of the sentence that would be imposed.
The sentencing of the Defendant took place on December 20, 1996. The trial judge noted that the Defendant was forty-four years old, and a first offender, having no prior arrests or convictions. He also noted that the record established that the Defendant had sold a sizable quantity of marijuana cigarettes to the informant, and that it appeared from the presentence investigation report that he had been involved in drugs, namely marijuana, for twenty years. In the presentence investigation report, the Defendant admitted he had distributed the marijuana, but stated he had since "straightened his life up."
The trial judge stated she had examined the sentencing guidelines, and then imposed a sentence of five years imprisonment at hard labor. Counsel for the Defendant gave oral notice of appeal, and the Defendant was allowed to remain free on bail pending appeal. As noted previously, counsel for the Defendant did nothing further in this case. It was not until October of 1998 that the Defendant filed a pro se Motion to Reconsider Sentence, alleging that his original court appointed attorney had failed to pursue the matter. The trial court denied the Motion to Reconsider Sentence. The Defendant also filed a pro se motion for an out-of-time appeal that was granted. At that time, the Louisiana Appellate Project took over the representation of the Defendant.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by the court for errors patent on the face of the record. After reviewing the record, we find there is one patent error.
Although the Defendant was charged with distribution of marijuana, the bill of information states that the Defendant "did knowingly and/or intentionally manufacture a controlled dangerous substance, classified in schedule I (marijuana)." (Emphasis ours). La.Code Crim.P. art. 464 provides:
The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission shall not be ground for dismissal of the indictment or for reversal of a conviction if the error or omission did not mislead the defendant to his prejudice.
Defendant does not allege prejudice because of any error in the bill of information. Hence, we find any error to be harmless. Furthermore, the Defendant waived any error by pleading guilty without objecting thereto.

ASSIGNMENT OF ERROR NO. 1
By this assignment of error, the Defendant contends his sentence was excessive, and, because he was a first time offender, he should have received a probated sentence.
The Defendant received the statutory minimum possible sentence that could have been imposed for the conviction. In State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the Louisiana Supreme Court emphasized that "[t]he only relevant question on review ... of a sentence [is] `whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.'" Id. at 959 (citation omitted). "The standard for appellate review for constitutional excessiveness is whether the sentence is `nothing more than the purposeless imposition of pain and suffering' or is `grossly out of proportion to the severity of the crime.'" State v. Richard, 94-1263, p. 5 (La.App. 3 Cir. 5/17/95), 657 So.2d 258, 261, citing State v. Guidry, 94-607 (La.App. 3 Cir. 12/7/94), 647 So.2d 511.
*774 We find the trial judge's sentence is not so harsh as to rise to the purposeless imposition of pain and suffering, grossly out of proportion to the severity of the crime. The Defendant did not simply sell one or two marijuana cigarettes, but a bag of fifteen cigarettes. The police found evidence in his house that the Defendant did not commit an isolated sale of marijuana, but instead had been doing so for a long period of time. When the Defendant realized he was going to be arrested, he fled and attempted to hide some of the incriminating evidence. Additionally, the Defendant benefitted from the plea bargain agreement in that it resulted in the dismissal of other serious charges.
The trial judge may take into consideration the fact that the Defendant's actions were more serious than the conviction reflects. State v. Carrier, 95-1003 (La.App. 3 Cir. 3/6/96), 670 So.2d 794, writ denied, 96-881 (La.9/20/96), 679 So.2d 431; State v. Darby, 502 So.2d 274 (La.App. 3 Cir.1987). A trial judge is accorded wide discretion in imposing a sentence, and a sentence meted out within statutory limits will not be deemed excessive in the absence of manifest abuse of discretion. State v. Howard, 414 So.2d 1210 (La.1982).
As pointed out by the State on appeal, the Defendant received the minimum sentence required by statute. He fails to argue how such a minimum sentence is excessive, other than to complain the sentence should have been probated. Our review of the jurisprudence does not indicate the minimum sentence given here is excessive. "Further, we observe that even where a defendant is a first offender, the district court is not required to suspend or probate the sentence." State v. King, 95-1648, p. 9 (La.App. 3 Cir. 10/9/96), 683 So.2d 1228, 1234, citing State v. Stein, 611 So.2d 800 (La.App. 3 Cir. 1992). Accordingly, considering all the facts, we find that the minimum sentence imposed in this case does not amount to a needless infliction of pain and suffering. This assignment has no merit and should is rejected.
Accordingly, for the reasons stated above, the Defendant's conviction and sentence are affirmed.
AFFIRMED.