11 SAUNDERS, Judge.
Gloria Sue Clements (Defendant), seeks review of her sentence. Defendant was indicted by a grand jury for second degree murder on July 23, 1998. On May 6, 1999,' Defendant pled guilty to the amended charge of manslaughter. At the sentencing hearing on October 22, 1999, the court clarified that Defendant entered an Alford plea.[1] Defendant was sentenced to serve eighteen years at hard labor. On November 19, 1999, Defendant filed a Motion to Reconsider Sentence which was subsequently denied without a hearing.
FACTS AND PROCEDURAL HISTORY
On November 29, 1997, Ernest Clemens was found dead in his residence by his wife Gloria Sue Clements. He was shot in the chest, back, stomach and wrist. Upon arriving at the scene, the investigating officers learned Mrs. Clements was arrested in the early evening hours of November 28, 1997, for operating a vehicle while intoxicated (OWI). At the time of the arrest, the investigating State Police Officer located a .38 caliber pistol in her purse, with one empty chamber and four spent rounds. Subsequent scientific testing of the pistol established that the bullets recovered from the crime scene were fired from the weapon found in Defendant’s purse. Her prints were also on the gun.
Defendant voluntarily gave a tape recorded statement to the investigating detectives. After she was booked and released on the OWI charge, she was given a ride home. Upon arriving home, Defendant stated she found her husband dead on the floor. However, she had no recollection of the events leading up to and including the shooting. Defendant was examined by Dr. Charles Anderson, a psychiatrist, who | ¿visited with her over the next eighteen months. Dr. Anderson determined that Defendant had consumed alcohol and Ativan on the evening of November 28 and early morning hours of November 29. Dr. Anderson testified these substances taken in combination can cause a type of amnesia, preventing a person from recalling events.
On July 23, 1998, Defendant was charged by bill of information with committing one count of second degree murder, in violation of La.R.S. 14:30.1. At arraignment, defendant tendered a plea of not guilty and requested a jury trial. On May 6, 1999, the State amended the bill to charge defendant with committing manslaughter instead; and the defendant pled guilty. The trial court sentenced defendant to serve eighteen years at hard labor. A motion to reconsider sentence was denied. Defendant appealed her sentence, contending it is unconstitutionally excessive.

MOTION TO SUPPLEMENT RECORD OF APPEAL:

Defendant filed a pro se Motion to Supplement Record of Appeal. In this motion, Defendant requests that this court order the State to supplement the record of appeal with the following: 1) evidence, if it exists, that guidelines for administering a polygraph exam were properly followed; 2) a transcript of any audio or video recording of Defendant’s polygraph exam; 3) any prior inconsistent statements to police and/or investigators of a witness known as “Shotsie”; 4) “Shotsie’s” criminal record; 5) the results of Defendant’s blood tests for drugs and/or alcohol; and, 6) any evidence that Defendant’s fingerprints were found on the weapon used to commit the crime. Defendant relies upon La. Code Crim.P. art. 916(2)which provides this *265 court with jurisdiction to correct an error or deficiency in the record.
| ^Defendant requests that the record be supplemented with evidence not presently found in the record nor presented at the sentencing hearing; thus, the evidence was not considered by the trial court for the purpose of sentencing. Counsel for Defendant did not contest the polygraph report or the complained of statements of Assistant District Attorney Wayne Frey at the sentencing hearing. Although Defendant had the opportunity at sentencing to present mitigating evidence and to refute any allegations presented by the State, she failed to do so. She now seeks to submit this evidence of same, if it exists. Since, this court is limited to the review of evidence brought before the trial court for consideration; this motion must be denied.

ASSIGNMENT OF ERROR (Pro Se Assignment of Error No. 1):

By this assignment, Defendant argues that the trial court committed manifest error insofar as it ordered that Defendant serve an unconstitutionally excessive sentence. Specifically, in Defendant’s brief filed by defense counsel, Defendant maintains that the sentence is grossly excessive because: 1) Defendant is 42 years old and has no prior felony conviction, and 2) Defendant’s “failure to recall the events leading up to and including the shooting are consistent with consumption of alcohol and Ativan.” Both factors were presented to the court in Defendant’s Motion to Reconsider Sentence and considered by the court.
In Defendant’s pro se brief to this court, she claims that “the trial judge was remiss in his analysis of the most crucial facts of this case” in that there was a violent struggle between Defendant and Mr. Clement. Thus, Defendant concludes that the court did not consider as a mitigating factor that she acted under strong provocation, that substantial grounds existed which would tend to excuse or justify her conduct or that the victim’s conduct induced or facilitated the commission of the offense. Defendant also agues that the trial court relied upon hearsay evidence and false information in determining her sentence. However, these issues were not raised by | ¿Defendant in her motion to reconsider sentence, and thus, are not properly before this court.
The penalty for manslaughter as set forth in La. R.S. 14:31 B is not more than forty years at hard labor. Defendant was sentenced to eighteen years at hard labor with credit for time served. Thus, Defendant’s sentence was within the statutory guidelines. Also, Defendant received a significant benefit from her plea to the amended charge of manslaughter. As originally charged, Defendant faced life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.
Prior to sentencing Defendant, the trial court considered several factors in mitigation. First, the court considered the fact that Defendant was highly intoxicated at the time of her arrest. The court also considered the testimony of Dr. Charles Anderson who interviewed Defendant for approximately seven hours over a year- and-a-half period of time. He testified that the consumption of alcohol with Ati-van, “a short-acting benzodiazopine,” could cause amnesia. Dr. Anderson testified that over time, Defendant was consistent with what she remembered and the “blocks of time that were missing.” Lastly, the court considered that Defendant had no significant criminal history as set forth in Defendant’s presentence investigation report.
The court also considered the aggravating circumstances of the instant case. Dr. Anderson clarified that the Defendant had been married ten times and agreed with the court that anyone that had been married ten times has “some problems” in her life. The court considered this fact in relation to the Defendant’s complaint that she could not leave the relationship with the victim. The trial judge stated, *266 “[T]here’s no such thing as ‘can’t leave a relationship.’ ” The court continued:
If it gets that bad, you leave. And if you buy a gun, or if you have a gun, or you allow yourself to possess a gun, and you know you’re in an abusive relationship, the chances are 99 to one that you’re going to |shave to use it one day, or think you’re going to have to use it one day. Well, that I thought of as I read your file; and I did read it. In fact, I read this file at least three times last night, trying to figure out what happened and how it happened.
Lastly, despite Defendant’s intoxication, the court noted:
... So maybe you don’t remember. But the fact of the matter is, ma’am, that all the evidence points to the fact that you killed your husband. There’s absolutely no evidence that I’ve seen in this trial or anywhere else that indicates that he was shot as a[sic] the result of you defending yourself. Indeed, and in fact, the evidence suggests that at some point in time Mr. Clements attempted to retreat from the situation, whatever the situation was.
[[Image here]]
... you took a man’s life, and it was certainly unnecessary, as far as I’m concerned, because the fact that you were abused, if that was a fact, ma’am, you did have choices. Everybody has a choice. Believe me, you had choices.
Upon our review of the record, we find that the record adequately reflects that the trial court considered the mitigating and aggravating circumstances of the Defendant’s case and did not abuse its discretion in sentencing the Defendant. The trial court also considered that the Defendant would be required to serve eighty-five percent of any sentence imposed. For the foregoing reasons, we find that the Defendant’s sentence was not unconstitutionally excessive; thus, this assignment of error is without merit.

Pro Se Assignment of Error No. 2:

Defendant argues that her attorney was ineffective at sentencing and maintains that such deficiencies resulted in an excessive sentence. Although this claim is properly raised in an application for post-conviction relief, “where the record contains evidence sufficient to decide the issue, and the issue is raised on appeal by an assignment 'of error, the issue should be considered,” and thus, the Defendant’s claim is considered herein. State v. James, 95-962 (La.App. 3 Cir. 2/14/96); 670 So.2d 461.
|fiAs set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), Defendant must first show that her attorney’s performance was deficient, and second, that such deficiency prejudiced the outcome of the trial. Also, as noted by this court in State v. James, 95-962 (La.App. 3 Cir. 2/14/96); 670 So.2d 461:
It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Brogan, 453 So.2d 325 (La.App. 3 Cir.), writ denied, 457 So.2d 1200 (La.1984). A claim of ineffective assistance of counsel may be disposed of based upon a failure to satisfy either criteria of the established two-pronged test; if the accused’s claims fails to satisfy one, the reviewing court need not address the other. State v. James, 555 So.2d 519 (La.App. 4 Cir.1989), writ denied, 559 So.2d 1374 (La.1990).
Id. at 465.
Specifically, Defendant contends that her counsel failed: 1) to properly investigate the circumstances surrounding the shooting; 2) failed to obtain available evidence that a barmaid witness had given prior inconsistent statements to the police and thus was unprepared and failed to object to the introduction of the witness’ statement; 3) did not contest the report of a polygraph examination; 4) failed to object *267 to the statements of Assistant District Attorney Frey that no alcohol/drug tests had been performed; 5) failed to obtain results of alcohol/drug tests; 6) failed to test Defendant’s blood to ascertain the intensity of her intoxication and for the presence of other substances; 7) failed to object to Frey’s statements to the court concerning the blood tests; 8) failed to object to Frey’s statement that Defendant’s finger prints were found on the weapon used in the crime; and, 9) failed to request Defendant’s pre-sentence investigation report, denying Defendant an opportunity to refute any false or inaccurate information contained therein.
However, we find that Defendant has failed to prove that she was prejudiced; that is, she has failed to show that as a result of these deficiencies, the trial judge [7imposed an excessive sentence. As explained by this court in State v. Garner, 99-160 (La.App. 3 Cir. 6/2/99); 741 So.2d 771:
In State v. Cook, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996), the Louisiana Supreme Court emphasized that “[t]he only relevant question on review ... of a sentence [is] “whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate.’ ” Id. at 959 (citation omitted). “The standard for appellate review for constitutional excessiveness is whether the sentence is ‘nothing more than the purposeless imposition of pain and suffering’ or is ‘grossly out of proportion to the severity of the crime.’ ” State v. Richard, 94-1263, p. 5 (La.App. 3 Cir. 5/17/95), 657 So.2d 258, 261, citing State v. Guidry, 94-607 (La.App. 3 Cir. 12/7/94), 647 So.2d 511.
Id. at 773.
For reasons previously discussed, the sentence imposed was not unconstitutionally excessive. Thus, Defendant has failed to satisfy the second prong of the Strickland test. For this reason, the specific allegations forming Defendant’s claim of ineffective assistance of counsel are not addressed. This assignment of error is without merit.

DECREE

For the forgoing reasons, we affirm Defendant’s guilty plea and sentence.
AFFIRMED.
COOKS, J., DISSENTS.

. The transcript of the plea colloquy does not refer to Defendant’s plea as an Alford plea. Additionally, the Waiver of Constitutional Rights and Plea of Guilty signed by Defendant does not indicate that she entered an Alford plea. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).