778 So.2d 546 (2001)
STATE of Louisiana
v.
Terrance JOHNSON.
No. 2000-KK-2406.
Supreme Court of Louisiana.
January 12, 2001.
PER CURIAM:
Granted. The trial court erred in granting the defendant's motion to suppress the evidence, and this case is remanded to that court for further proceedings consistent with the views herein.
Given the preference for searches conducted under the authority of a warrant issued by a magistrate who has made "a practical, commonsense decision... [that] there is a fair probability that contraband or evidence of a crime will be found in a particular place," the task of a reviewing court "is simply to ensure that the magistrate had a `substantial basis for *547 ... conclud[ing]' that probable cause existed." Illinois v. Gates, 462 U.S. 213, 238-39, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983) (quoting Jones v. United States, 362 U.S. 257, 271, 80 S.Ct. 725, 736, 4 L.Ed.2d 697 (1960)). In the present case, the officer's corroboration of the anonymous hotline tip through computer checks which revealed the defendant matched the caller's description and the officer's subsequent surveillance, which detected a steady amount of foot traffic in and out of the defendant's house and an attempt by one of the individuals to conceal the license plate number on his vehicle by backing it out of the defendant's driveway and turning it around so that it faced the street, circumstances indicative of narcotics trafficking in the experience of the officer, and consistent with the existence of prior drug arrest records for the owner of the car and the defendant, provided the magistrate with a substantial basis for finding probable cause to issue a warrant to search the defendant's residence. See State v. Martin, 97-2904, pp. 8-9 (La.App. 4th Cir.2/24/99), 730 So.2d 1029, 1033, writ denied, 99-0874 (La.10/1/99), 747 So.2d 1136 (probable cause existed to support issuance of search warrant when tipster provided specific address and apartment number for location of drug transactions, officer observed people entering and leaving apartment in suspicious manner after brief stays, and one person entering apartment was reaching for money).
CALOGERO, C.J., would grant and docket.