GUIDRY, Judge.
^Defendant, Joe Johnson, appeals from his guilty plea conviction for possession with intent to distribute marijuana and his sentence to seven and one-half years at hard labor. For the reasons which follow, we affirm the conviction and sentence.
The Jefferson Parish District Attorney filed a bill of information charging the Defendant with possession with intent to distribute marijuana within 1000 feet of a school.[1] The Defendant pled not guilty at his arraignment. Thereafter, the Defendant’s motion to suppress was heard.
*597 The following details were provided in the application for the search warrant:
ON 2/5/04 THE UNDERSIGNED (DET S. ZEMLIK) RECEIVED INFORMATION THAT A SUBJECT BY THE NAME OF “JOE” WAS SELLING MARIJUANA OUT OF 721 GOVERNOR HALL ST APT # 6[J
LON 2/6/04 AT APPROXIMATELY 0820 HRS THE UNDERSIGNED RESPONDED TO THE RESIDENCE. THE UNDERSIGNED WAS THEN LET INTO THE RESIDENCE BY A FEMALE LATER IDENTIFIED AS WATKINS, LEONELL. ALSO IN THE RESIDENCE WAS JOHNSON, JOE. ON THE KITCHEN TABLE IN AN ASHTRAY THE UNDERSIGNED OBSERVED IN PLAIN VIEW THREE PARTIALLY SMOKED HAND ROLLED CIGARETTES SURROUNDED BY A SMALL AMOUNT OF LOOSE GREEN LEAFY VEGETABLE MATTER.
THE UNDERSIGNED THEN VERBALLY MIRANDIZED THE SUBJECTS, EXPLAINED THE COMPLAINT AND ASKED FOR WRITTEN CONSENT TO SEARCH THE RESIDENCE. JOHNSON, JOE THEN DENIED THE REQUEST. THE UNDERSIGNED THEN ASKED JOHNSON, JOE WHAT WAS IN THE ASHTRAY ON [THE] TABLE AND HE ADVISED JUST A LITTLE WEED.
A COMPUTER CHECK OF JOHNSON, JOE REVEALED THREE OUTSTANDING ATTACHMENTS. JOHNSON, JOE WAS THEN ARRESTED AT WHICH TIME HE BECAME EXTREMELY VIOLENT, BITING SGT KOENIG ON HIS LEFT THUMB AND SCREAMING “YOURE [sic] NOT GONNA SEARCH MY HOUSE”.
THE GREEN LEAFY VEGETABLE MATTER WAS THEN FIELD TESTED AND FOUND TO FIELD TEST POSITIVE FOR THE PRESENCE OF MARIJUANA.
SGT KOENIG REMAINED ON SCENE WITH WATKINS, LEONELL WHILE THE UNDERSIGNED APPLIED FOR THE WARRANT.
Detective Scott Zemlik was the sole witness to testify at the motion to suppress evidence hearing on November 10, 2004. In addition to the facts provided in the affidavit for the search warrant, Officer Zemlik testified that following execution of the warrant, the police seized several items including hand-rolled cigarettes containing ' a green leafy vegetable matter, plastic bags of a green leafy vegetable matter, a razor blade, rolling papers and a hand-held scale. The trial court denied the motion to suppress.
Thereafter, on January 31, 2006, the State amended the bill of information to charge the Defendant with possession with intent to distribute marijuana in violation of La. R.S. 40:966(A). The State also agreed not to charge the Defendant as a multiple offender. Accordingly, after being advised of his rights, the Defendant waived his rights and pled guilty under Crosby[2] to this offense. The trial judge sentenced Defendant to seven and one-half years imprisonment in the RDepartment of Corrections and ordered his sentence to run concurrently with his misdemeanor sentences from another charge.[3]
The Defendant appeals arguing that the trial court erred in denying his motion to *598 suppress.[4] More particularly, Defendant argues that because the confidential informant provided vague information and the amount of marijuana seen by the officer was so small, the affidavit did not contain sufficient facts to establish probable cause to search the entire apartment for evidence of drug distribution.
The State contends that the trial court properly denied Defendant’s motion to suppress because probable cause existed for the issuance of the search warrant under the totality of the circumstances. The State also argues that any issues as to the legality of the search warrant due to the unreliability of the tip received by the confidential informant are not properly before this Court because Defendant did not raise them in the trial court.[5]
Unreasonable searches and seizures are prohibited by the Louisiana and Federal constitutions. State v. Lee, 05-2098, p. 14 (La.1/16/08), 976 So.2d 109, 122. A search warrant may be issued only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly | ^describing the person or place to be searched and the things to be seized. Id. Probable cause for the issuance of a search warrant, “exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.” Lee, 05-2098 at 14, 976 So.2d at 122 (citing State v. Johnson, 408 So.2d 1280, 1283 (La.1982)).
The issuing magistrate must make a practical, common sense decision whether, given all the circumstances set forth in the affidavit, a fair probability exists that evidence of a crime will be found in a particular place. State v. Green, 02-1022, pp. 7-8 (La.12/4/02). 831 So.2d 962, 969. “[M]arginal cases should be resolved in favor of a finding that the *599 issuing magistrate’s judgment was reasonable.” State v. Rodrigue, 437 So.2d 830, 833 (La.1983). The reviewing court must simply ensure that under the totality of the circumstances, the issuing magistrate had a “substantial basis” for concluding that probable cause existed. Green, 02-1022 at 8, 831 So.2d at 969, (citing Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Further, an affidavit supporting a search warrant is presumed to be valid, and the defendant has the burden of proving that the representations made in the affidavit are false. State v. Hogan, 02-924, p. 6 (La.App. 5 Cir. 1/28/03), 839 So.2d 296, 299.
When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a trial on his motion to suppress that evidence. See La.C.Cr.P. art. 703(D). Thus, the issue presented herein is whether the Defendant met his burden of showing that, under the totality of the circumstances, the issuing magistrate did not have a substantial basis for concluding that the facts and circumstances within the affiant’s knowledge were sufficient to support a | r,reasonable belief that evidence of contraband-may be found in the place to be searched.
In the present case, Detective Zemlik stated in his affidavit that he received information on February 5, 2004, that someone named “Joe” was selling marijuana out of 721 Governor Hall Street, Apartment 6.[6] On the next day, Detective Zemlik went to the residence, and Leonell Watkins allowed him to enter the residence. Defendant was also inside the residence. Detective Zemlik observed in plain view, in an ashtray on the kitchen table, three partially smoked hand-rolled cigarettes surrounded by a small amount of loose green leafy vegetable matter. When questioned about the contents of the ashtray, Defendant told Detective Zemlik it was “weed.” A field test was conducted, and the matter tested positive for marijuana. The Defendant became violent when arrested insisting that his house could not be searched.
Applying the applicable law to the facts presented, we find there was a substantial basis upon which to find probable cause to issue the search warrant. The reliability of the informant’s tip did not need to be established before the officers knocked on the door.[7] Once the door was opened and the officers were inside, Detective Zemlik observed contraband in plain view. Although the informant’s information was seemingly vague, the details were corroborated by police investigation when the officer saw marijuana in plain view in the residence, giving it the indicia of reliability. Moreover, the officer acquired independent knowledge of illegal activity taking place in the premises when he saw the marijuana. Both Defendant and a field test confirmed the substance was | ./marijuana. Finally, the fact that the Defendant became violent, bit the officer and screamed that they could not search his house, taken with the other facts, supported a reasonable belief that evidence of contraband may be found in the place to be searched. See State v. Dixon, 391 *600 So.2d 836 (La.1980) (where the Louisiana Supreme Court found that an affidavit reciting the plain view discovery of a small amount of illegal drugs alone constituted a sufficient showing of probable cause for issuance of a warrant). Accordingly, we find sufficient facts were presented to the magistrate to establish probable cause for the issuance of a search warrant to search the entire apartment for contraband and there was no error in the trial court ruling denying the Defendant’s motion to suppress.[8]
This assignment of error lacks merit.

ERROR PATENT DISCUSSION

The record was reviewed for errors patent, according to La.C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990). The only error requiring corrective action concerns the commitment’s inaccuracy regarding the crime to which the Defendant pled.
The commitment reflects that the Defendant “pleaded under CROSBY” to “DIST/POSS. WITD A CDS,” and does not reflect the particular controlled substance involved. The transcript indicates that the Defendant actually pled guilty to possession with intent to distribute marijuana and not distribution. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La.1983). Therefore, we remand the case to the trial court to have the commitment accurately conformed to the transcript.
^Accordingly, for the reasons stated above the Defendant’s conviction for possession with intent to distribute marijuana and his sentence to seven and one-half years in the Department of Corrections are affirmed. The case is remanded for correction of the commitment.

AFFIRMED AND REMANDED.

. Leonell Watkins was also charged in this bill of information.

. State v. Crosby, 338 So.2d 584 (La.1976).

. The commitment reflects his sentence was ordered to run concurrently with case number 04-1543.

. In entering his guilty plea pursuant to Crosby, Defendant did not specify the pre-trial ruling he wished to reserve for appeal. However, after reviewing the record, it appears that the only pre-trial ruling that could be reviewed is the motion to suppress ruling. State v. Joseph, 03-315, pp. 1-2 (La.5/16/03), 847 So.2d 1196, 1196-1197 (Per Curiam) (in which the Supreme Court explained that the types of rulings that should be reviewed in the absence of an express designation include the denial of a motion to suppress evidence or a confession and would exclude rulings that affect the conduct of the trial, but do not substantially relate to guilt, such as the denial of a continuance or a severance.) Joseph, 03-315 at 1-2, 847 So.2d at 1196-97. Thus, we find that Defendant’s challenge of the trial court’s ruling on his motion to suppress is properly before this Court. See State v. Lagarde, 05-268, pp. 2-3 (La.App. 5 Cir. 11/29/05), 917 So.2d 623, 625, 625 n. 1.

. The State also argued that Defendant’s appeal is untimely and that the trial court erred in granting Defendant an out-of-time appeal since Defendant failed to timely appeal or to file a Uniform Application for Post-Conviction Relief. However, upon review, we find that within two years of his sentence, Defendant filed a pro se Motion for Appointment of Appellate Counsel, alleging no appeal had been filed and requesting appointment of counsel to file his appeal. The trial court, citing State v. Counterman, 475 So.2d 336 (La. 1985), considered Defendant's motion for an out-of-time appeal as an application for post-conviction relief and granted Defendant an out-of-time appeal. We find no merit in the State’s argument that the trial court acted improperly. See State v. Guilbeau, 03-1327, pp. 7-8 (La.App. 5 Cir. 2/23/04), 869 So.2d 201, 205 (where defendant filed a motion for out-of-time appeal in the trial court instead of an application for post-conviction relief and this Court acknowledged "the Louisiana Supreme Court has recognized that appeals are favored in the law, and has disapproved of the dismissal of appeal on " ‘hypertechnical grounds.’ ”).

. Although Detective Zemlik testified at the preliminary examination hearing that the information was received from a confidential informant, the application only reflects that information was received and does not specify where the information originated.

. In State v. Sanders, 374 So.2d 1186, 1188 (La.1979), the Louisiana Supreme Court held that an officer’s knocking on a door does not constitute an investigatory stop. And when a door is opened in response, it is a consent to confront the caller and the police then have the right to speak to the occupant if the occupant agrees. Accord, State v. Haywood, 00-1584, pp. 6-7 (La.App. 5 Cir. 3/28/01), 783 So.2d 568, 575-76.

. Even assuming the affidavit did not establish probable cause to support the issuance of a search warrant, suppression of the evidence seized pursuant to the warrant is not automatically required. Where a law enforcement officer relies in good faith on a magistrate’s probable cause determination and the technical sufficiency of the warrant, exclusion of the evidence is not proper. See United States v. Leon, 468 U.S. 897, 104 S.Ct. 3430, 82 L.Ed.2d 677 (1984); State v. Robinson, 03-1350, pp. 8-9 (La.App. 5 Cir. 3/30/04), 871 So.2d 575, 581. There are no allegations that the police obtained the warrant in bad faith.