*998
 
 PER CURIAM.
 

 |T Granted. The decisions of the courts below are reversed and this case is remanded to the district court for further proceedings.
 

 Even assuming that the entry of the police officers into the residence located at 5330 Venus Street in New Orleans and initial security sweep of the premises occurred without exigent circumstances or consent and thus amounted to an illegal search of the dwelling, when officers have probable cause to believe that evidence of criminal activity is on the premises, they may temporarily secure the dwelling to protect themselves and to prevent the removal or destruction of evidence to preserve the status quo while obtaining a search warrant.
 
 Segura v. United States,
 
 468 U.S. 796, 810, 104 S.Ct. 3380, 3388, 82 L.Ed.2d 599 (1984)(“[S]ecuring a dwelling on the basis of probable cause, to prevent the destruction or removal of evidence while a search warrant is being sought is not itself an unreasonable seizure of either the dwelling or its contents [for Fourth Amendment purposes]”). Further, even assuming that the consent of defendant Flores to the subsequent search of the residence for evidence was tainted by its close temporal proximity to the entry of the officers,
 
 see State v. Ferrand,
 
 95-1346 (La.12/8/95), 664 So.2d 396, the warrant process was well underway, and the application was “pretty much typed and ... ready to print,” when Flores gave consent and prematurely authorized the search, prompting the police to forego taking the warrant application to a magistrate. Because nothing the officers observed on the premises after their initial entry affected the decision to obtain a warrant, and because the probable cause basis for the warrant application derived not from their observations on the scene but from wholly independent sources,
 
 ie.,
 
 from a confidential informant and defendant Olivarez, who informed the surveillance team that 30 pounds of marijuana were inside the residence, information which was then conveyed to the agents as they knocked and made their initial entry after Flores opened the door, the police
 
 would
 
 have obtained a valid warrant from a magistrate and would have inevitably discovered the contraband and other items in the residence by lawful means.
 
 See Murray v. United States,
 
 487 U.S. 533, 539, 108 S.Ct. 2529, 2534, 101 L.Ed.2d 472 (1988)(“The inevitable discovery doctrine, with its distinct requirements, is in reality an extrapolation from the independent source doctrine: Since the tainted evidence would be admissible if in fact discovered through an independent source, it should be admissible if it inevitably would have been discovered.”); see also
 
 United States v. Elder,
 
 466 F.3d 1090, 1091 (7th Cir.2006)(“The usual understanding of that doctrine is that the exclusionary rule should not be applied when all the steps required to obtain a valid warrant have been taken before the premature search occurs [citing
 
 Murray
 
 ].”).
 

 The trial court therefore erred in granting the motion to suppress evidence. We set aside that ruling and remand for further proceedings consistent with the views expressed herein.