MARC E. JOHNSON, Judge.
 

 ^Defendant, Jason Voltolina, appeals from his convictions of possession with intent to distribute MDMA, possession of methamphetamine, and possession of cocaine. For the reasons that follow, we affirm his convictions and sentences.
 

 On November 19, 2008, the Jefferson Parish District Attorney’s office charged defendant with one count of possession with intent to distribute MDMA in violation of La. R.S. 40:966(A), and one count each of possession of methamphetamine and possession of cocaine in violation of La. R.S. 40:967(C). Defendant initially pled not guilty. He subsequently filed a motion to suppress evidence, which was denied after a hearing. Defendant filed a writ application with this Court seeking review of that ruling, which was denied.
 
 State v. Voltolina,
 
 09-633 (La.App. 5 Cir. 8/14/09) (unpublished writ disposition).
 

 Thereafter, on January 22, 2010, defendant entered a guilty plea to all three charges under
 
 North Carolina v. Alford,
 
 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), and
 
 State v. Crosby,
 
 338 So.2d 584 (La.1976). Pursuant to a plea agreement, the trial court sentenced defendant to five years at hard labor on each count and ordered the sentences run concurrently with each other. The trial court also ordered the possession with intent to distribute MDMA conviction be served without benefit of parole, probation or suspension of sentence.
 

 Defendant filed this appeal urging as his sole assignment of error the trial court’s denial of his motion to suppress the evidence. He contends the detectives illegally entered his home without a search warrant and without exigent circumstances or probable cause to justify the warrant-less entry.
 

 The sole witness to testify at the motion to suppress hearing was Detective William Roniger of the Jefferson Parish Sheriffs Office. He testified that he was advised by a confidential informant (Cl) that defendant was distributing narcotics from his residence at 3911 Delhi St. in Metairie. The Cl also advised defendant distributed narcotics at various nightclubs in Jefferson and Orleans Parish. The Cl further informed Detective Roniger that defendant was driven to these nightclubs by different people.
 

 As a result of this information, Detective Roniger performed a name check on defendant and learned he had two outstanding attachments and warrants for his arrest. Thereafter, at approximately 8:00
 
 *1030
 
 p.m. on October 17, 2008, Detective Roni-ger set up surveillance at defendant’s residence. During the surveillance, Detective Roniger observed an individual arrive at the residence in a Nissan Titan, knock on the door, and enter the residence. At approximately 9:30 p.m., Detective Roni-ger saw defendant leave his residence with the individual in the Nissan truck.
 

 Detective Roniger and his partner stopped the vehicle in the 3500 block of West Metairie Ave. and placed defendant under arrest for the outstanding attachments and warrants. After searching defendant’s person incidental to the |4arrest, Detective Roniger discovered four bags of compressed white powder that later field-tested positive for cocaine, a “large amount” of money, two cellular phones, and a house key around defendant’s neck.
 

 Thereafter, Detective Roniger and two other officers brought defendant back to his Delhi St. residence. Detective Roniger entered the residence using defendant’s key, and explained he entered the apartment for the purpose of securing the residence and preventing the destruction of evidence. Defendant did not consent to a search of his residence. While Detective Roniger did not search the apartment, he located two firearms under a mattress, which had been described to him by the Cl. Detective Roniger explained that the apartment was very small, and he did not want defendant to be seated on top of weapons when he was brought into the residence while the search warrant was being prepared. Thereafter, defendant was brought into the apartment and a search warrant was obtained and executed. Among the items recovered were 112 dosage units of ecstasy or MDMA, a marijuana cigar, a small amount of methamphetamine, and a loaded gun.
 

 In addition to Detective Roniger’s testimony, the State introduced a copy of the application for the search warrant into evidence. The affidavit in support of the application for the search warrant further indicated the Cl identified defendant as “Hollywood,” which Detective Roniger confirmed was defendant’s nickname, and stated that “Hollywood” was distributing large quantities of cocaine and marijuana. Detective Roniger also confirmed that defendant lived at the Delhi St. address. Detective Roniger obtained a photograph of defendant and showed it to the Cl, who identified the defendant as the person he knew as “Hollywood.” Detective Roni-ger’s criminal record check of defendant revealed two outstanding warrants and numerous arrests and/or convictions for various offenses, including possession |ñwith the intent to distribute a controlled dangerous substance. Additionally, in the affidavit, Detective Roniger stated that upon approaching the door to the apartment at 3911 Delhi St., he detected the distinct odor of burnt marijuana emanating from inside the residence at which time he used the key located around defendant’s neck to unlock the front door.
 

 In denying the motion to suppress, the trial court noted there were no issues with either the initial stop and arrest, since there were attachments or warrants for defendant’s arrest, or the search incident to the lawful arrest. It further found the information provided by the Cl and corroborated by Detective Roniger was sufficient to provide the requisite probable cause for the search warrant.
 

 This Court denied defendant’s pre-trial writ application after reviewing the transcript of the suppression hearing and the affidavit in support of the application for the search warrant. We specifically found there was substantial basis upon which to find probable cause existed for purposes of the search warrant. We noted the Cl’s information that “Hollywood” was distrib
 
 *1031
 
 uting large quantities of cocaine and marijuana from his residence at 3911 Delhi St. was corroborated when Detective Roni-ger’s search revealed defendant’s nickname was “Hollywood,” his address was 3911 Delhi St., and he had a prior conviction for possession with intent to distribute a controlled dangerous substance. Additionally, we noted Detective Roniger’s surveillance further corroborated information from the Cl; namely, leaving his residence with an unknown driver. We concluded these facts, along with the fact Detective Roniger smelled burnt marijuana as he approached the front door of defendant’s residence, were sufficient to support a reasonable belief that defendant was distributing drugs from his home and that evidence of that offense or contraband might be found there. As such, we found the trial court | Rdid not abuse its discretion in denying the motion to suppress.
 
 State v. Jason Voltolina, supra.
 

 The State urges this Court to apply the “law of the case” doctrine because this Court has already addressed the suppression issue and there are no new factual developments since defendant pled guilty and there was no trial. Application of the “law of the case” doctrine is discretionary and the denial of a supervisory writ application does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue.
 
 State v. Lathers,
 
 09-20 (La.App. 5 Cir. 5/26/09), 15 So.3d 1068, 1070-71,
 
 writ denied,
 
 09-1341 (La.2/12/10), 27 So.3d 841. Reconsideration of a prior ruling is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results.
 
 State v. Jacobs,
 
 04-1219 (La.App. 5 Cir. 5/31/05), 904 So.2d 82, 88,
 
 writ denied,
 
 05-2072 (La.4/28/06), 927 So.2d 282,
 
 cert. denied,
 
 549 U.S. 956, 127 S.Ct. 385, 166 L.Ed.2d 276 (2006).
 

 In the present case, defendant entered qualified guilty pleas so there is no trial record that provides further information relating to the issue of the motion to suppress. Defendant’s writ application contained a copy of the transcript of the motion to suppress hearing and a copy of the application/affidavit for the search warrant, and defendant fails to produce any new evidence on appeal to show that this Court’s prior disposition was patently erroneous. However, defendant advances an argument on appeal relating to the motion to suppress that was not raised in his writ application. Specifically, on appeal, defendant argues the warrantless entry into defendant’s residence before the search warrant was obtained was illegal and necessitated suppression of the evidence subsequently discovered. A review of the record shows that defendant made this argument |7before the trial court. Therefore, we will reconsider our prior ruling on the trial court’s denial of the motion to suppress.
 

 When evidence is seized pursuant to a search warrant, the defendant bears the burden of proof at a hearing on his motion to suppress that evidence. La. C.Cr.P. art. 703(D);
 
 State v. Johnson,
 
 08-265, p. 5 (La.App. 5 Cir. 8/19/08), 994 So.2d 595, 599. The trial court’s decision to deny a motion to suppress is afforded great discretion and will not be set aside absent an abuse of that discretion.
 
 State v. Lee,
 
 05-2098 (La.1/16/08), 976 So.2d 109, 122,
 
 cert. denied,
 
 555 U.S. 824, 129 S.Ct. 143, 172 L.Ed.2d 39 (2008).
 

 Defendant maintains there were no exigent circumstances when the police entered his apartment prior to obtaining the search warrant and, therefore, the evidence subsequently discovered should have been suppressed. The Louisiana Supreme
 
 *1032
 
 Court has held that officers may temporarily secure a dwelling to protect themselves and to prevent the removal or destruction of evidence to preserve the status quo while obtaining a search warrant.
 
 State v. Flores,
 
 10-960 (La.6/18/10), 37 So.3d 997, 998
 
 (per curiam).
 
 In
 
 Flores,
 
 the supreme court found that even assuming police entry into the residence and initial security sweep of the premises occurred without exigent circumstances or consent, suppression of the evidence was not required because the police would have obtained a valid search warrant “[b]ecause nothing the officers observed on the premises after their initial entry affected the decision to obtain a warrant, and because the probable cause basis for the warrant application derived not from their observations on the scene but from wholly independent sources,
 
 i.e.,
 
 from a confidential informant and defendant.”
 
 Id.
 
 Thus, the supreme court explained the police would have inevitably discovered the contraband in the residence by lawful means.
 

 IsLikewise in the present case, nothing Detective Roniger observed during his protective sweep of defendant’s apartment affected his decision to obtain a search warrant. Detective Roniger based his probable cause affidavit for the search warrant on information provided by the Cl, his independent corroboration of the information, and the fact cocaine was found on defendant’s person upon his arrest immediately after leaving his residence. Detective Roniger did not include in his probable cause affidavit any reference to the two guns he found during the protective sweep of defendant’s residence. When asked why he did not include this information in his application for the search warrant, Detective Roniger stated that the guns he found while securing the residence had nothing to do with the probable cause for the search warrant. Based on the foregoing, we find the mere entry of the police into defendant’s residence without a search warrant did not require suppression of the evidence discovered during the subsequent execution of a search warrant.
 

 The next issue is whether the search warrant was based on probable cause. A search warrant may be issued only upon probable cause established to the satisfaction of a magistrate, by the affidavit of a credible person, particularly describing the person or place to be searched and the things to be seized.
 
 State v. Lee,
 
 976 So.2d at 122. The affidavit must contain, within its four corners, the facts establishing the existence of probable cause for issuing the warrant.
 
 State v. Casey,
 
 99-0023 (La.1/26/00), 775 So.2d 1022, 1028,
 
 cert. denied,
 
 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 62 (2000). Probable cause for the issuance of a search warrant “exists when the facts and circumstances within the affiant’s knowledge and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched.”
 
 State v. Lee,
 
 976 So.2d at 122. The determination of probable cause does not rest on an officer’s subjective beliefs or attitudes, but turns on a completely objective evaluation of all the circumstances known to the officer at the time of his challenged action.
 
 Id.
 

 The task of the reviewing court is to insure that under the totality of the circumstances the magistrate had a “substantial basis” for concluding that probable cause existed.
 
 Illinois v. Gates,
 
 462 U.S. 213, 236, 103 S.Ct. 2317, 2331, 76 L.Ed.2d 527 (1983). If the magistrate finds the affidavit sufficiently detailed and reliable to show probable cause, the reviewing court should interpret the affidavit in a
 
 *1033
 
 realistic and common sense fashion, being aware that it is normally prepared by non-lawyer police officers in the midst and haste of a criminal investigation.
 
 State v. Green,
 
 02-1022 (La.12/4/02), 831 So.2d 962, 969. Within these guidelines, courts should strive to uphold warrants to encourage their use by police officers.
 
 Id.
 

 In the present case, the language of the affidavit informed the issuing magistrate that: (1) the affiant had been advised by a Cl that “Hollywood” was distributing large amounts of cocaine and marijuana from 3911 Delhi St.; (2) the affiant conducted a criminal history search of the nickname “Hollywood” and found defendant went by the nickname and resided at 3911 Delhi St.; (3) the affiant showed the Cl a photograph of defendant and the Cl identified him as the person he knew as “Hollywood;” (4) a criminal record check of defendant revealed two outstanding attachments and warrants as well as numerous arrests and/or convictions, including a conviction for possession with the intent to distribute a Schedule I controlled dangerous substance; (5) the Cl advised defendant is driven by different people to various nightclubs in Jefferson and Orleans Parish where he distributes illegal narcotics; (6) the affiant conducted surveillance of defendant’s residence during which time he saw an individual arrive at the residence in a ImNissan Titan and defendant leave with that same individual after locking the residence with a key around his neck; (7) the affiant stopped the truck and arrested defendant for his outstanding attachments and warrants; (8) a search incidental to arrest yielded four plastic bags containing white powder that field-tested for cocaine in defendant’s front pocket; and (9) the affiant detected burnt marijuana emanating from inside the residence upon returning to the apartment after arresting defendant.
 

 Based on the totality of the circumstances and a common sense reading of the affidavit, we find the magistrate had a substantial basis for concluding probable cause existed for the issuance of the search warrant. Accordingly, we find the trial court properly denied the motion to suppress the evidence.
 

 We have reviewed the record for errors patent in accordance with La.C.Cr.P. art. 920;
 
 State v. Oliveaux,
 
 312 So.2d 337 (La.1975); and
 
 State v. Weiland,
 
 556 So.2d 175 (La.App. 5th Cir.1990), and find no errors patent.
 

 For the foregoing reasons, defendant’s convictions and sentences are affirmed.
 

 AFFIRMED