BONIN, J.,
dissents with reasons.
1,1 respectfully dissent. Here, there is no question that the evidence seized by the police occurred after the officers had obtained a search warrant; thus, the burden of proof was upon Mr. Howard to establish the violation of the defendant’s reasonable expectation of privacy as protected by the Fourth Amendment. See La.C.Cr.P. art. 70S D. As an objective proposition, the officers had sufficient probable cause to obtain a warrant from a neutral magistrate to search Mr. Howard’s home, but even if there were some deficiency, the defendant’s evidence does not overcome the entitlement of the officers to rely in good faith upon the warrant which they obtained. See United States v. Leon, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
And, even assuming that the extenuating circumstances were attenuated at best for the officers’ sweep of Mr. Howard’s home before the issuance of the warrant, they were entitled to preserve the status quo while a warrant was obtained. See State v. Flores, 10-0960, p. 1 (La.6/18/10), 37 So.3d 997, 998. Such a dwelling seizure is not in and of itself unreasonable. See Segura v. United States, 468 U.S. 796, 810, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984). But, in any event, I conclude that Mr. Howard really has no complaint. If there was no threat to the destruction of the contraband drugs, they would have been discovered as a result of the execution of the search warrant. See Murray v. United States, 487 U.S. 533, 539, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988).
Thus, I conclude that Mr. Howard did not carry his burden to show that he was entitled to the suppression of the marijuana evidence. I also am loath to reverse in this particular case where we do not have in evidence before us the affidavit in support of the application for the search warrant which was presented to the magistrate and which was considered by the trial judge at the hearing on the motion.